# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 15-1019

WILLIAM MATHEWS, HUSBAND AND WIDOWER OF DECEDENT, GERANDA MATHEWS

VERSUS

LOUISIANA STATE UNIVERSITY HEALTH SYSTEMS, d/b/a W. O. MOSS REGIONAL MEDICAL CENTER

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-41
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

AFIRMED AND REMANDED.

Sera Hearn Russell, III
Attorney at Law
P. O. Box 53866
Lafayette, LA 70505-3866
(337) 237-7171
COUNSEL FOR PLAINTIFF-APPELLEE:
    William Mathews

Robert Lewis Bussey
Bussey & Lauve
P. O. Box 8778
Alexandria, LA 71306-1778
(318) 449-1937
COUNSEL FOR DEFENDANT-APPELLANT:
    Louisiana State University HealthSystems

**PICKETT, Judge.**

In this medical malpractice case, Louisiana State University Health Systems d/b/a W. O. Moss Regional Medical Center (Moss Regional) appeals the judgment of the trial court granting a summary judgment on the issues of liability and causation in the treatment of Geranda Mathews, the deceased wife of the plaintiff, William Mathews.

## STATEMENT OF THE CASE

Mrs. Mathews presented to Moss Regional on July 13, 2009, with complaints of pain. Tests revealed a mass in the right upper lobe of her right lung. Her treating physicians, Dr. Arnold Kent Seale and Dr. Ping Kok Lie, suspected she may have had cancer, and ordered a biopsy. The biopsy, performed on July 15, 2009, failed to obtain enough tissue for the pathologist to make a diagnosis. A second biopsy was attempted at Moss Regional in October 2009, but again there was insufficient tissue to enable diagnosis. Mrs. Mathews was never diagnosed with or treated for cancer at any time by the physicians at Moss Regional.

In April 2010, Mrs. Mathews was admitted to Our Lady of Lourdes Hospital, where she was suffering from paraplegia. A biopsy of the mass in her lung was positive for cancer. The tumor in her lung had grown and attached itself to her spinal column, causing pain and paraplegia. Mrs. Mathews was treated, but ultimately died as a result of the cancer.

Mr. Mathews filed a medical malpractice against Moss Regional, alleging the failure of the doctors at Moss Regional to diagnose Mrs. Mathews' cancer caused her paraplegia and pain and decreased her chances of receiving treatment that may have been successful. The matter was referred to a Medical Review Panel (MRP). The MRP issued an opinion that Moss Regional, Dr. Seale, and Dr. Lie failed to comply with the appropriate standard of care, and that their conduct

was "a factor" in the damages to Mrs. Mathews. In their Reasons for Opinion, the MRP stated that Mrs. Mathews was not diagnosed timely by Moss Regional and its affiliated doctors.

Mr. Mathews filed this lawsuit. He filed a motion for summary judgment on the issues of liability and damages, and introduced the opinion of the MRP and the affidavit of Dr. Andrew Harwood, the oncologist who treated Mrs. Mathews at Our Lady of Lourdes. Mr. Mathews alleged that the damages suffered by Mrs. Mathews were obviously greater than the $500,000.00 cap on damages for medical malpractice and, therefore, summary judgment was appropriate. Moss Regional denied that summary judgment was appropriate, but presented no evidence to support its position.

The trial court granted Mr. Mathews motion for summary judgment on the issue of liability and causation, but reserved the determination of damages for trial. Moss Regional filed an application for supervisory writs with this court, which was converted to the instant appeal because the trial court's judgment was an appealable judgment pursuant to La.Code Civ.P. art. 1915(A)(5).

## ASSIGNMENTS OF ERROR

Moss Regional asserts three assignments of error:

1.  The trial court committed legal error by granting summary judgment in favor of the plaintiff on the issue of causation when the Motion for Summary Judgment filed by the plaintiff only sought a summary judgment on the issues of liability and damages.

2.  The trial court committed legal error by granting summary judgment in favor of the plaintiff on the issue of causation when there remains a genuine issue of material fact as to what degree the deceased's pre-existing cancer caused or contributed to her damages.

3.  To the extent the trial court granted the plaintiff's motion for summary judgment on the basis that the defendant did not provide a countervailing affidavit the trial court's judgment was error.

2

## DISCUSSION

An appellate court reviews summary judgments de novo, using the same criteria as the trial court. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839. In order to prevail on a motion for summary judgment, the moving party must show that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B)(2); *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544.

Actions for medical malpractice claims filed against state health care providers are governed by La.R.S. 40:1299.39, *et seq.* The plaintiff's burden of proof in a medical malpractice claim against the state is defined in La.R.S. 40:1299.39(B)(1) as the standard set forth in La.R.S. 9:2724(A):

> [T]he plaintiff shall have the burden of proving:
>
> (1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.
>
> (2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
>
> (3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.

Thus, Mr. Mathews bears the burden of proving (1) the requisite standard of care required of Moss Regional and the physicians in its employ, (2) that the physicians

at Moss Regional lacked this requisite knowledge or skill or failed to use reasonable care or diligence in the treatment of Mrs. Mathews, and (3) that the malpractice of Moss Regional and its physicians caused Mrs. Mathews to suffer damages. Mr. Mathews also has the burden of proving the quantum of damages suffered as a result of the medical malpractice.

The evidence submitted by Mr. Mathews included the report of the medical review panel. It stated that Moss Regional and its physicians fell below the standard of care required of them, and that the failure to diagnose Mrs. Mathews cancer in a timely manner was a factor in her worsening condition. Mr. Mathews also submitted the affidavit of Dr. Harwood, who declared:

> In my expert medical opinion as a radiation oncologist with 40 years experience treating lung cancer, the doctors at Moss Regional who saw Ms. Matthews in July 2009 fell below the appropriate standard of care by failing to diagnose Ms. Mathews obvious lung cancer at that point in time. If she had been diagnosed in July 2009, more treatment options would have been available to her with a better chance of cure and a much lower chance of being paralyzed and in pain for the remainder of her life. Thus the duration and quality of Geranda Mathews life would have been much better if she had been diagnosed in July 2009, and failure to diagnose then resulted in catastrophic problems for the patient.

Dr. Harwood's affidavit clearly finds that Moss Regional and its physicians breached the standard of care, and their failure to diagnose Mrs. Mathews' "obvious lung cancer" limited her treatment options, likely resulted in her paralysis, and caused her to be in more pain than she would have been in if she had been diagnosed and treated sooner. Moss Regional submitted no evidence to refute the evidence submitted by Mr. Mathews.

In the absence of any evidence to the contrary, we find this evidence is sufficient to prove the required elements of the applicable standard of care, a breach of that standard of care, and damage to Mrs. Mathews because of that breach. We find the trial court did not err in granting summary judgment.

On appeal, Moss Regional argues that the trial court's grant of summary was improper because Mrs. Mathews' cancer would have progressed as it did even if it had been found in July 2009. There is no evidence in the record before us to support that argument. In fact, the evidence of record supports just the opposite conclusion.

Moss Regional also asserts that the trial court's ruling on causation precludes its ability to mount a defense on this issue of damages. However, at the trial to prove damages, Mr. Mathews bears the burden of proving the damages suffered by his wife as a result of Moss Regional's malpractice. Nothing in the judgment of the trial court or this court precludes Moss Regional from mounting a defense to counter his proof of damages.

Finally, we find no merit in Moss Regional's third assignment of error. Mr. Mathew did not prevail on summary judgment because Moss Regional failed to introduce a countervailing affidavit. Mr. Mathews prevailed because the evidence he presented showed that there were no genuine issues of material fact and that he was entitled to judgment as a matter of law.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the Louisiana State University Health Systems in the amount of $886.50. The case is remanded for further proceedings.

**AFFIRMED AND REMANDED.**

5