NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-334

RALPH J. HANKS

VERSUS

LOUISIANA COMPANIES

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2012-953
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

MARC T. AMY

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and D. Kent Savoie, Judges.

MOTION FOR PARTIAL DISMISSAL OF APPEAL DENIED.

Harry Alston Johnson, III
Thomas Harry Kiggans
Jessica Huffman
Phelps Dunbar LLP
Post Office Box 4412
Baton Rouge, LA   70821-4412
(225) 346-0285
COUNSEL FOR DEFENDANT/APPELLANT:
    Louisiana Companies

**Christopher Paul Ieyoub**
**Wesley Romero**
**Plauche, Smith & Nieset, LLC**
**Post Office Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Ralph J. Hanks**

**AMY, Judge.**

Plaintiff-Appellee, Ralph J. Hanks, III, moves this court to dismiss that portion of the appeal which pertains to the judgment rendered by the trial court on August 3, 2015. For the reasons given herein, we hereby deny the motion for partial dismissal of the appeal.

Plaintiff worked for twenty-three years as an insurance producer for Defendant, Louisiana Companies, and its predecessor, MidSouth Insurance Agency. As a producer, Plaintiff's primary job was to solicit new commercial insurance customers for Defendant, which is a privately-held brokerage firm that offers personal and commercial services and products. Defendant terminated Plaintiff's employment on November 10, 2009, but continued his benefits through December 31, 2009, as part of a Separation Agreement, Release, and Waiver ("Separation Agreement") entered into by Plaintiff and Defendant.

Pursuant to the Separation Agreement, Plaintiff agreed to release Defendant from claims regarding the termination of his employment and promised not to compete with Defendant or solicit Defendant's clients for a two-year period. The Separation Agreement also provides that in addition to paying Plaintiff's wages through December 31, 2009, commissions, and stock bonuses, Defendant would also pay to Plaintiff separation pay in the amount of $75,000.00, with $30,000.00 to be paid on December 31, 2009, and the balance to be paid in two annual installments, provided that Plaintiff stays in compliance with the Separation Agreement. Defendant gave Plaintiff the first $30,000.00 installment of the severance pay; however, in December 2010, Defendant informed Plaintiff that it

would not be giving Plaintiff any additional payment because Plaintiff had allegedly violated the Separation Agreement by soliciting Defendant's customers.

On March 12, 2012, Plaintiff filed suit against Defendant seeking unpaid wages under the Louisiana Wage Payment Statute, La.R.S. 23:631, et seq., as well as treble damages, penalty wages, and attorney's fees. Defendant filed a reconventional demand against Plaintiff, seeking damages for Plaintiff's alleged breach of the Separation Agreement, as well as fees and costs.

In May 2015, the parties filed cross-motions for summary judgment. In support of his motion for summary judgment, Plaintiff argued that there are no genuine issues of material fact and that he is entitled to the relief sought via his lawsuit as a matter of law. In its motion for summary judgment Defendant asserted that because Plaintiff had indirectly solicited some of Defendant's customers, Plaintiff had breached the Separation Agreement. Thus, Defendant sought a summary judgment dismissing Plaintiff's claims and awarding Defendant $30,000.00 for its reconventional demand.

On August 3, 2015, the trial court signed a judgment on the motions for summary judgment, and the notice of judgment was mailed on August 6, 2015. The trial court denied Defendant's motion for summary judgment and dismissed its reconventional demand. With regard to Plaintiff's motion for summary judgment, the trial court granted the motion in part and deferred ruling on some issues. Specifically, the trial court declared the Separation Agreement to be null and void based on its finding that Plaintiff's consent to the agreement was vitiated by duress. The trial court also found that Plaintiff had been discharged without cause. For his wage claim, Plaintiff was awarded $183,962.00, less a $30,000.00 credit for the installment payment which Defendant had made to Plaintiff in accordance with the Separation Agreement. Thus, the net award for Plaintiff's wage claim was $153,962.00, plus interest. The trial court also held that Plaintiff is entitled to

penalties and attorney's fees pursuant to La.R.S. 23:632, with the amount of such penalties and fees to be determined at a later date. However, the trial court found that Plaintiff was not entitled to receive treble damages under La.R.S. 51:441, et seq., for the nonpayment of his commissions. Also, determination of the issue of whether Plaintiff is entitled to consequential damages was deferred to the trial.

On January 4, 2016, the trial court rendered a judgment addressing the remaining issues in the case. Plaintiff was awarded a penalty award of $42,257.70 and attorney's fees in the amount of $218,302.86. However, the trial court found that Plaintiff had not proven that he was entitled to any consequential damages as a result of his termination. The notice of judgment for the January 4, 2016 judgment was mailed on January 15, 2016.

On February 24, 2016, Defendant filed a motion for suspensive appeal indicating that it wanted to appeal both the judgment of August 3, 2015, and the judgment of January 4, 2016. We note that in its motion for appeal, Defendant also references rulings of the trial court that were issued on November 3, 2015, and November 24, 2015; however, we find that those two pronouncements by the trial court were actually the trial court's reasons for ruling in connection with the judgment of January 4, 2016. Likewise, we find that while the motion for appeal also refers to a July 20, 2015 ruling by the trial court entitled, "Ruling on Cross-Motions for Summary Judgment," that document is actually the trial court's reasons for ruling in connection with the August 3, 2015 judgment. At any rate, the order of appeal was signed on February 25, 2016. The appeal was lodged in this court April 29, 2016.

On May 6, 2016, Plaintiff filed a motion seeking to have this court dismiss that part of the appeal which involves the judgment of August 3, 2015. Plaintiff asserts that this court lacks subject matter jurisdiction over that portion of the appeal which pertains to the August 3, 2015 judgment because the appeal was not

3

timely filed with regard to that judgment. Plaintiff points out that the motion for appeal, which was filed February 24, 2016, was filed more than six months after the August 3, 2015 judgment was rendered and after the notice of judgment was mailed on August 6, 2015. Thus, Plaintiff asserts that to the extent that Defendant seeks to appeal the August 3, 2015 judgment, the appeal is untimely because it was not filed within 30 or 60 days after the expiration of the delay for seeking a new trial. *See* La.Code Civ.P. arts. 1974, 2087, and 2123.

In support of his position that the August 3, 2015 judgment is a final judgment that was subject to an immediate appeal, Plaintiff relies on La.Code Civ.P. arts. 1841 and 1915(A)(5). Plaintiff notes that La.Code Civ.P. art. 1841 provides, in pertinent part, that "[a] judgment which determines the merits in whole or in part is a final judgment." Plaintiff also notes that La.Code Civ.P. art. 1915 provides, in pertinent part as follows:

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
>
> . . . .
>
> (5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

Plaintiff asserts that the trial court's judgment of August 3, 2015, falls within the provisions of Article 1915(A)(5) because that judgment decides the issue of liability and reserves the issue of damages for subsequent determination. Plaintiff maintains that since La.Code Civ.P. art. 1915(A)(5) allows for an immediate appeal of a partial final judgment rendered on the issue of liability, it was incumbent upon Defendant to timely appeal the partial final judgment rendered on August 3, 2015.

4

In its opposition to Plaintiff's motion for partial dismissal of the instant appeal, Defendant asserts that the August 3, 2015 judgment, which granted Plaintiff's motion for summary judgment in part and which denied Defendant's motion for summary judgment, does not fit within any of the allowable categories of partial final judgments under La.Code Civ.P. art. 1915(A). Defendant argues that La.Code Civ.P. art. 1915(A)(5) is not called into play because the issue of liability was not resolved via a "trial" of the matter. Rather, Defendant maintains that the August 3, 2015 judgment resolved the issue of liability via a summary judgment. Thus, Defendant argues that the judgment constitutes a summary judgment on a particular issue as contemplated by La.Code Civ.P. art. 966(E). Defendant notes that pursuant to La.Code Civ.P. art. 1915(A)(3), summary judgments granted under La.Code Civ.P. art. 966(E) are not appealable without being designated so pursuant to La.Code Civ.P. art. 1915(B).

Plaintiff disagrees with Defendant's argument that the separate resolution of the issues of liability and damages must take place via an actual "trial", as opposed to a motion for summary judgment, in order for a judgment on an issue of liability to be considered a final, appealable judgment under La.Code Civ.P. art. 1915(A)(5). Plaintiff asserts that Defendant's argument regarding a "trial" being required disregards the fact that this court has previously found summary judgments granted on the issue of liability to be covered under La.Code Civ.P. art. 1915(A)(5). *See, e.g, Mathews v. Louisiana State Univ. Health Systems*, 15-1019 (La.App. 3 Cir. 3/2/16), 186 So.3d 809.

Defendant also argues that the August 3, 2015 judgment does not fall under La.Code Civ.P. art. 1915(A)(5) because the issues of liability and damages were not totally separated in the trial court proceedings. Defendant notes that this court has stated that, "an appeal is now proper from a partial judgment which decides **only** the issue of liability when the issue of damages is reserved for trial at a later

5

date." *Ducote v. City of Alexandria*, 95-1197, p. 6 (La.App. 3 Cir. 3/6/96), 670 So.2d 1378, 1383 (emphasis added). In the instant case, Defendant contends that the August 3, 2015 judgment did not decide "only" the issue of liability. Defendant notes that the judgment of August 3, 2015, included a $153,962.00 award for Plaintiff's wage claim but deferred determination of the remaining damages. Since part of the damages issue was resolved by the judgment of August 3, 2015, Defendant argues that this is not a case in which damages and liability were completely tried in separate proceedings as required by La.Code Civ.P. art. 1915(A)(5). Defendant maintains that requiring an immediate appeal of the August 3, 2015 judgment would go against both the clear language of La.Code Civ.P. art. 1915(A)(5) and the policy against piecemeal appeals.

Plaintiff disagrees and argues that Defendant is incorrect in its assertion that since the August 3, 2015 judgment includes a damage award for Plaintiff's wage claim, the issues of liability and damages were not totally bifurcated as required by La.Code Civ.P. art. 1915(A)(5). In that regard, Plaintiff contends that while his entitlement to the wages was in dispute, the amount of the wages was never in dispute because the parties had stipulated to the amount of the wages. Thus, Plaintiff argues that the amount of his claim for unpaid wages was a foregone conclusion and part and parcel of the liability determination.

We note that pursuant to La.Code Civ.P. art. 1915(A)(5), a partial judgment rendered on the issue of liability constitutes a final, appealable judgment if the issue of liability is resolved in a proceeding which is separate from the proceeding in which the issue of damages is to be resolved. In the instant case, the trial court's judgment of August 3, 2015, resolved the issue of Defendant's liability to Plaintiff. The judgment also dismissed Plaintiff's claim for treble damages and awarded Plaintiff $153,962.00 plus interest for his wages claim. Further, the August 3, 2015 judgment deferred for later determination a ruling on the question of whether

Plaintiff is entitled to consequential damages and on the question of the amounts to be awarded to Plaintiff for penalties and attorney's fees. Because the August 3, 2015 judgment addresses the issue of Plaintiff's entitlement to treble damages and sets the amount of damages to be awarded for Plaintiff's wage claim, we find that the judgment not only addresses the issue of liability but also addresses part of the damages issue as well. As such, we find that this case does not involve a situation in which the issues of liability and damages are resolved in bifurcated proceedings, as contemplated by La.Code Civ.P. art. 1915(A)(5). Therefore, we find that the August 3, 2015 judgment was not immediately appealable under La.Code Civ.P. art. 1915(A)(5). Rather, we find that that judgment did not become appealable until after the other remaining issues were resolved in the case.

For the foregoing reasons, we deny Plaintiff's motion for partial dismissal of the appeal.

**MOTION FOR PARTIAL DISMISSAL OF APPEAL DENIED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.